Argued and submitted April 15, affirmed July 13, petition for review denied
October 18, 1994 (320 Or 272)

## SCHWAN'S SALES ENTERPRISES, INC.,
*Petitioner,*

*v.*

## DEPARTMENT OF AGRICULTURE,
*Respondent.*

(CA A79885)

877 P2d 1214

James M. Brown argued the cause for petitioner. With him on the brief was Enfield, Guimond, Brown & Collins.

Stephanie L. Striffler, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Petitioner seeks review of a declaratory ruling of the Department of Agriculture (the Department) that each of its freezer trucks is a retail food store, and that each requires a separate food establishment license. We affirm.

The facts are stipulated. Petitioner is a corporation that sells frozen food. The food is packaged and frozen out of state, then transported to one of petitioner's eight warehouses in Oregon, and delivered in petitioner's trucks to Oregon homes. Although an "insignificant" number of orders are placed at the warehouses in advance, customers usually select items and pay the route sales representative when a truck appears at the customer's home. Items are not sold in individual portions and are not intended for immediate consumption.

The parties also stipulated to "facts" about the Department's role in licensing food establishments. It licenses food establishments under ORS 616.695 *et seq*, and has adopted rules that classify food establishments by function, such as "food retailing." OAR 603-25-010. The Department requires retail food stores to obtain food establishment licenses. However, it does not require a vehicle that delivers food from a licensed retail food store to obtain a separate license, provided that "substantially all" orders are taken and payments are received at the store.

Petitioner requested a declaratory ruling from the Department, ORS 183.410, that it was entitled to conduct all of its activities in Oregon under one license.[1] The Department ruled that each of petitioner's trucks that conducts retail sales is a separate retail food store and, therefore, is a separate food establishment that requires a separate food establishment license.

---

[1] Petitioner also requested a declaratory ruling that it was not subject to licensure by the Department, on the ground that it is a "food service" operation. Pursuant to a cooperative agreement, food service operations, such as restaurants and restaurant delivery trucks, are regulated by the Health Division of the Department of Human Resources, and are not required to obtain food establishment licenses from the Department. The Department rejected petitioner's argument that it is a food service operation. Petitioner now expressly abandons the contention that it is exempt from licensure by the Department.

The statutory provisions at issue in this case are ORS 616.706 and ORS 616.716(1). ORS 616.706 provides, in part:

"(1) Except as otherwise provided in ORS 616.695 to 616.755, no person shall operate *a food establishment* without first obtaining and thereafter maintaining a license therefor. * * *

"(2) The department may * * * suspend, revoke or refuse to issue a license if the licensee has violated any of the provisions of ORS 616.695 to 616.755 or regulations prescribed thereunder.

"'* * * * *

"(4) *The license shall cover all operations of the person licensed thereunder, under one entity or ownership.* * * *

"(5) The license shall be posted in a conspicuous place in the main office of *the food establishment*. Duplicate copies of the license shall be conspicuously posted in branch offices, warehouses and other places owned or operated by the licensee at locations other than the main office. A license is automatically canceled if *the food establishment* ceases or discontinues operations or business." (Emphasis supplied.)

ORS 616.716(1) provides:

"Except as provided in subsection (2) of this section, the department may inspect *the applicant's food establishment* and shall not issue a license until or unless *such establishment* is in compliance with ORS 616.695 to 616.755 and regulations promulgated thereunder." (Emphasis supplied.)[2]

■ Petitioner relies on ORS 616.706(4), read in isolation, for the proposition that a single license covers "all operations" of the licensee, regardless of whether the licensee operates more than one food establishment.[3] The Department rejected that interpretation. It held that, under subsection (4), one license covers "all operations" of a single food

---

[2] Similarly, ORS 616.706 provides, in part:

"(2) The department may * * * suspend, revoke or refuse to issue a license if the licensee has violated any of the provisions of ORS 616.695 to 616.755 or regulations prescribed thereunder."

[3] Petitioner conceded at oral argument that it would be a "logical construction" if the Department required it to obtain separate licenses for each of its eight depot warehouses. That concession seems to undermine its argument that only one license is required for all of its activities. We assume, without deciding, that petitioner's concession can be reconciled with its statutory argument.

establishment, but that separate food establishments require separate licenses.

The issue on review is whether "all operations," as that term is used in ORS 616.706(4), means all of the licensee's operations within one food establishment, or all operations within any number of food establishments. Under the rubric of *Springfield Education Assn. v. School Dist.*, 290 Or 217, 223-30, 621 P2d 547 (1980), "all operations" is an inexact term. Therefore, we review the agency's construction of the term to determine whether that construction is consistent with the legislative policy. *England v. Thunderbird*, 315 Or 633, 637, 848 P2d 100 (1993); *Springfield Education Assn. v. School Dist., supra*, 290 Or at 227.

The food establishment licensing requirement serves two functions. First, the license fee provides the Department with revenue to fund its administration of ORS chapter 616. *See* ORS 616.731.[4] Second, the licensing process is an enforcement tool to ensure compliance with applicable statutes and regulations. *See* ORS 616.706(2).

Viewed as a whole, ORS 616.695 *et seq* focuses on the licensing of a single food establishment. For example, ORS 616.706(1) provides a general prohibition against operating "a food establishment" without a license "therefor," *i.e.*, for that food establishment. Subsection (5) again addresses "the establishment." Similarly, ORS 616.716(1) prohibits the Department from licensing "the applicant's food establishment" without first determining that the establishment is in compliance with applicable laws.

Those provisions assume that food establishments are to be licensed individually. If one license applied to all food establishments under one ownership, and that license was revoked under ORS 616.706(2) for a violation at one establishment, all of the entity's food establishments would be required to cease operations. There is no evidence that the legislature intended such an anomalous result. We conclude

---

[4] ORS 616.731 provides:

"The department shall deposit all fees paid to it under this chapter in the Department of Agriculture Service Fund. Such fees are continuously appropriated to the department for the purpose of administering and enforcing the provisions of this chapter."

that subsection (4) cannot be read in isolation. In the context of the statute as a whole, the Department's construction of "all operations" in subsection (4), as merely ensuring that all the component operations of a licensed food establishment are covered by one license, is consistent with the legislative policy.

■     Petitioner also challenges the Department's conclusion that each of its trucks is a separate retail food store. OAR 603-25-010(10) defines "operating a retail food store" as "the preparing, packaging, storing, handling, or displaying of food for sale at retail to the customer or user[.]" As noted above, the Department does not consider a delivery vehicle a separate food establishment if orders are taken and payment is received at the store.

Each of petitioner's trucks stores and displays food for retail sale. Generally, its customers do not place orders in advance. Customers pay petitioner's drivers directly for their purchases. Therefore, petitioner's trucks fall within the general definition of a retail food store, OAR 603-25-010(10), and they do not meet the requirements of the exception for delivery vehicles.

Petitioner argues, however, that the Department may not treat a vehicle as a food establishment for licensing purposes, because, within the statutory framework, "a 'vehicle' and a 'food establishment' are two separate concepts."

ORS 616.695(2)(c) provides that a food establishment includes "[v]ehicles * * * used in operating or carrying on the business of the food establishment." That provision indicates that a vehicle may be a component of a food establishment, rather than a food establishment in itself. However, it does not follow that a vehicle can never be a food establishment. The Department's distinction based on how orders are placed and who receives the payment differentiates a retail food store's delivery vehicle from a vehicle that is, itself, a retail food store on wheels. The Department did not err in concluding that each of petitioner's freezer trucks is a separate retail food store.

Affirmed.